Pitts v. Warden                    CV-95-294-SD   02/04/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Shayne Pitts

        v.                         Civil No. 95-294-SD

Michael Cunningham, Warden,
 New Hampshire State Prison


O R D E R


In its order of December 18, 1996, the court considered the habeas corpus petition then before it, filed by a state prisoner, in light of the rules in existence prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Accordingly, the court followed the provisions of 28 U.S.C. § 2253 that required it to issue a certificate of probable cause if further appeal was to be had.  The court denied the issuance of such a certificate.

Petitioner has now moved the court of appeals for a certificate of probable cause, and the court of appeals has construed the motion as a Notice of Appeal and Request for a Certificate of Probable Cause/Certificate of Appealability to this court.  That court has accordingly closed the appeal and transmitted the motion to this court, with directions to use the docketing date of January 17, 1997.

On such remand, I am apparently required to issue a certificate of appealability or state the reasons why such certificate should not issue. Rule 22(b), Fed. R. App. P.[*]

Accordingly, I deny the issuance of a certificate of appealability because, on due consideration of petitioner's arguments, I have concluded that he has made no substantial showing of the denial of a constitutional right; that is, no demonstration that the issues presented are debatable among jurists of reason. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 4, 1997

cc:   Shayne Pitts, pro se
      Cynthia L. White, Esq.

---

[*]Rule 22(b), Fed. R. App. P., is in apparent conflict with 28 U.S.C. § 2253(c) as amended by AEDPA, which requires that certificates of appealability be issued by either a circuit justice or judge.